UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

v.

Andre Anderson,

        Defendant.

Case No. 3:17-cr-55

MEMORANDUM OPINION
AND ORDER

## I.    INTRODUCTION AND BACKGROUND

Defendant Andre Anderson seeks an order granting him compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 737). Anderson argues the presence of Covid-19 within his institution, FMC Fort Worth, along with his pre-existing health conditions, constitute extraordinary and compelling reasons to justify the reduction of his sentence. (*Id.* at 1). The government opposes Anderson's motion, arguing that while he has complied with § 3582(c)'s exhaustion requirement, he has not met his burden of establishing he is entitled to a reduction of his sentence. (Doc. No. 751). The government also has filed a notice of supplemental authority, describing its position regarding recent Sixth Circuit caselaw. (Doc. No. 766).

In March 2017, a grand jury returned an indictment charging Anderson with one count of conspiracy to possess with the intent to distribute drugs in violation of 21 U.S.C. § 846, and one count of using a telecommunications facility to facilitate a drug conspiracy in violation of 21 U.S.C. § 843(b). (Doc. No. 17). Anderson subsequently pled guilty to the conspiracy charge and I sentenced

him to a below-Guidelines-range sentence of 77 months in custody and a 3-year term of supervised release. (Doc. No. 592). The remaining charge was dismissed pursuant to a plea agreement. (Doc. No. 483). Anderson did not appeal.

Anderson seeks compassionate release, asserting his age and medical conditions place him at higher risk of serious illness or death if he contracts Covid-19. He asserts he has been diagnosed with "hypertension, venous thromboembolism disease with a history of blood clots, diabetes mellitus II, sleep apnea and asthma." (Doc. No. 737 at 1). The government acknowledges Anderson has some medical conditions which have been found to correspond with a higher risk of serious complications but contends he has not shown that a sentence reduction is warranted. (Doc. No. 751).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Thus, § 3582(c) requires an inmate to request compassionate release from the warden of the institution at which the inmate is incarcerated. *See, e.g., United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Anderson indicates he complied with this requirement by submitting a request for compassionate release to the warden at FMC Forth Worth on May 17, 2020, and then filing his motion more than 30 days after submitting his administrative request. (Doc. No. 737 at 1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider whether all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Anderson contends his medical conditions, combined with the spread of Covid-19 within FMC Fort Worth, constitute extraordinary and compelling reasons and justify the reduction of his sentence. The government concedes Anderson's increased risk of serious complications qualifies as an extraordinary and compelling reason for a reduced sentence. (Doc. No. 751 at 5-6).

Even if Anderson has met his burden of showing extraordinary and compelling reasons, however, I conclude he fails to show a sentence reduction would be consistent with 18 U.S.C. § 3553(a). Anderson has prior felony convictions dating back to 1998, including two prior drug-related felony convictions. He also was on probation at the time he participated in the drug-trafficking conspiracy for which he currently is incarcerated. I conclude he has not shown that a reduced sentence would be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction, his significant criminal history, the need to provide appropriate deterrence to him and the public, and the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law.

### III. CONCLUSION

For the reasons stated above, I conclude Anderson has not met his burden of demonstrating that there a reduction of his sentence would be consistent with applicable federal law. Therefore, I deny his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 737).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge